THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* F. PARK
LEWIS and Others, Constituting the Board of Trustees of the
New York State School for the Blind, Appellants.

Third Department, November 15, 1922.

Charities — public charitable corporation — power of visitation — State
Constitution, art. 8, § 11, places visitorial powers in State Board
of Charities — Board may require trustees of New York State School
for Blind to make written reports of visits of trustees, attendance at
meetings and minutes of meetings — Education Law, § 970, does
not authorize Commissioner of Education to interfere with visitorial
powers of State Board of Charities.

The visitorial power over charitable corporations of this State is, under section 11 of
article 8 of the State Constitution, in the State Board of Charities, and it has
the power to require the trustees of the New York State School for the Blind,
a charitable corporation, to make written reports of the visits and inspections
of its own trustees and of their attendance at regular and special meetings and
to furnish copies of the minutes of their regular and special meetings.

There is no power in the Legislature to impair this constitutional right of the
State Board of Charities, and any visitorial powers conferred upon the Com-
missioner of Education by section 970 of the Education Law must be exercised
in subordination to the powers conferred by the Constitution upon the State
Board of Charities.

APPEAL by the defendants, F. Park Lewis and others, from a
peremptory mandamus order of the Supreme Court, made at the
Albany Special Term and entered in the office of the clerk of the
county of Albany on or about the 21st day of April, 1922, requiring
the appellants to submit to the powers of visitation and inspection
conferred by the State Constitution upon the State Board of Charities
by making certain written reports.

*John Knight,* for the appellants.

*Charles D. Newton, Attorney-General [Edward G. Griffin, Deputy
Attorney-General,* of counsel], for the respondent.

HASBROUCK, J.:

This is an appeal from an order of the Albany Special Term
granting a mandamus order directing appellants to make report to
the State Board of Charities.*

The New York State School for the Blind, against whose trustees
the above order was made, was organized as a corporation in accord-
ance with chapter 587 of the Laws of 1865. Its powers and duties
were originally granted and regulated by chapter of the Laws
of 1867, and now by article 39 of the Education being section

* See *Matter of Newton v. Lewis* (118 Misc. 2).— [REP.

990 *et seq.* of that statute, and by chapter 136 of the Laws of 1919 (adding to Education Law, § 94-a).

The school as a charitable institution is also subject to the provisions of section 11 of article 8 of the State Constitution, which provides: " The Legislature shall provide for a State Board of Charities, which shall visit and inspect all institutions, whether State, county, municipal, incorporated or not incorporated, which are of a charitable, eleemosynary, correctional or reformatory character."

By section 970 of the Education Law the Commissioner of Education has been also given visitorial power.

There is no question raised as to the right of visitation upon the part of the State Board of Charities. The question at issue is whether such Board can require the trustees of the School for the Blind to make written reports of the visits and inspections of its own trustees and of their attendance at regular and special meetings and to furnish copies of the minutes of their regular and special meetings.

The board of trustees, representing the appellant, claims that the words " visit and inspect " in the Constitution confer no power to require written reports.

In order to ascertain what is meant by the word " visit " in the Constitution, it must be recognized that the Constitution makers gave to it its meaning in the law for they were dealing with the fundamental law. Perhaps the most celebrated case involving visitorial power is that of *Philips* v. *Bury,* in which Lord HOLT, according to our own Chancellor KENT, gave a most celebrated judgment which should be examined. (*Philips* v. *Bury,* 2 D. & E. 346.)

In that case, Doctor Bury, rector of Exeter College in Oxford, was for contumacy deprived of and amoted from his office by the visitor, the Bishop of Exeter. In discussing the power of this visitor, the views of Lord HOLT, which were not concurred in by his brother judges, so that judgment was given for the rector, were upon an appeal to the House of Lords accepted as the law. (*Philips* v. *Bury,* 1 Ld. Raym. 10.)

Among the views expressed by Lord HOLT are the following: " Private and particular corporations for charity founded and endowed by private persons are subject to the private government of the who erect them. * * * It is now admitted on all hands the founder (of a charity) is patron, and, as founder, is visitor. So that patronage and visitation are necessary consequents one upon another for this visitorial power was not introduced by any canons or constitutions ecclesiastical * * * it is an

appointment of law: it ariseth from the property which the founder had in the lands assigned to support the charity; and as he is the author of the charity, the law gives him and his heirs a visitorial power, that is, to inspect the actions and regulate the behaviour of the members that partake of the charity; for it is fit the members that are endowed and that have the charity bestowed upon them should not be left to themselves  *  *  *  but pursue the intent and design of him that bestowed it upon them  *  *  * to prevent all perverting of the charity or to compose differences." (*Philips* v. *Bury, supra; Matter of Murdock,* 7 Pick. [Mass.] 303; *People ex rel. N. Y. Institute for Blind* v. *Fitch,* 154 N. Y. 14; *People ex rel. Board of Charities* v. *N. Y. Soc. P. C. C.,* 161 id. 233; *Matter of New York Juvenile Asylum,* 172 id. 50.)

This industrial school for the blind, to use the nomenclature of earlier days in the law, is the foundation of the State. The lands and the property constituting the school are the State's. It should have the power to manage and direct its own instrument, its own foundation.

Part of that power is vested in the State Board of Charities. The Constitution names it the State's visitor. If to visit means as Lord HOLT declares " to inspect the actions and regulate the behaviour of the members  *  *  * [to] pursue the intent and design " of the founder or as in the case at bar, the State then, the visitor, may require any act done by the corporation that will promote the purposes of the institution. The powers of a visitor in the sense it must have been used by the Constitution makers are of necessity so comprehensive and broad that it is easy to infer that within them lies the power to require officials to exhibit records and make reports.

That the visitor is possessed of such broad power is the opinion of Lewin in his work on Trusts (Vol. 1 [8th ed.], p. 719): " The office of visitor is to hear and determine all differences of members of the society among themselves and generally to superintend the internal government of the body." Also of Chancellor Kent (2 Kent Comm. 302). He says the visitors " may amend and repeal the by-laws and ordinances of the corporation, remove its officers, correct abuses and generally superintend the management of the trust."

It seems unnecessary further to comment upon the meaning of the word " visit " as used in the Constitution in connection with the State Board of Charities. Indeed we might say with the Lord Chancellor in *Attorney-General* v. *The Archbishop of York* (2 Russ. & M. 461): " Nor can any man doubt what the powers of a visitor are."

We are of the opinion that the purpose of the Constitution was to confer upon the State Board of Charities the power to superintend the management of the appellants' school and that in such superintendence it has the power to ask for and have delivered to it written information or reports concerning the school. There is no power in the Legislature to impair this constitutional right of the State Board of Charities. Neither is there any power granted to the Education Department to interfere with the visitorial power exercised by the State Board of Charities. The power of the Education Commissioner is statutory, that of the Charities Board constitutional. Both must be given effect where they do not conflict. If there be conflict the constitutional power is paramount. (*Fitch Case, supra.*)

The controversy at bar is one undoubtedly growing out of the annoyance of the board of trustees of the School for the Blind in having to make so many reports and in having so many visitors.

The law, however, provides for them and requests for such reports made in the administration of the duties of the Charities Board should be complied with.

The order should be affirmed.

Present — H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK, HINMAN and HASBROUCK, JJ.

Order unanimously affirmed, with ten dollars costs and disbursements.